UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

RICKY BROWN

       Plaintiff,

V

ONE STOP AUTO PARTS, INC.

       Defendant.                        SEPTEMBER 18, 2008

COMPLAINT

**FIRST COUNT:**

    1. This is an action for a declaratory judgement, a permanent injunction and damages for violation of The Truth In Lending Act, 15 U.S.C. § 1601 *et seq* and for violation of the Motor Vehicle Information and Cost Saving Act (Odometer Law) 49 U.S.C. § 32801 *et seq*. and for violation of the Md. Ann. Code <u>Commercial Law</u> Credit Grantor Closed End Credit § 12-1001 et *seq*. and for violation of Md. Ann. Code <u>Commercial</u> Law § 2-315 Implied Warranty Merchantability and Fitness of Purpose, and for violation of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-105 *et seq*.

    2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

    3. Plaintiff is a resident of Baltimore City, Baltimore County, and State of Maryland.

4. Defendant, One Stop Auto Parts, Inc. hereinafter referred to as ("OSAPI") is a domestic corporation with a place of business at 3417 Greenmount Avenue, Baltimore Maryland 21218.

5. At all times herein defendant in the ordinary course of business regularly extended consumer credit that was payable in more than four installments.

6. Defendant is a creditor within the meaning of 15 U.S.C. § 1601, et seq. and regulation promulgated thereunder.

7. On or about July 11, 2008 plaintiff entered into a consumer credit transaction with defendant OSAPI to buy a car for personal, family or household use.

8. Defendant failed to provide accurate closed-end disclosures as required by 15 U.S.C. § 1601 et seq., and the regulations thereunder at or prior to consummation of the transaction.

9. Defendant failed to provide the disclosures pursuant to Reg. Z Part 226 prior to consummation of the contract or subsequent to consummation.

10. Defendant did not disclose the correct MD sales tax.

11. Defendant did not disclose the lien fee.

12. Defendant did not disclose the sum of money paid to Public Officials.

13. Defendant did not disclose the correct cash price of the auto.

14. Defendant did not disclose the Dealer Process Charge of $99.

**SECOND COUNT:**

15. The allegations of paragraph no 7, of Count One are repeated as if fully set

forth herein.

16. Defendant violated the Odometer Act in that this defendant failed to issue an odometer statement to the plaintiff or (B) provided an inaccurate odometer statement to the plaintiff or (C) that the odometer reading differs from the provided odometer statement.

17. Defendant failed to deliver the title documents at time of sale.

18. Defendant failed to disclose the odometer reading on the proper title documents in violation of 49 C.F.R. §580.5.

19. Defendant has so acted with intent to defraud the plaintiff.

### THIRD COUNT:

20. The allegations of paragraph no.7 of the First Count are repeated as if fully set forth herein.

21. Defendant charged plaintiff government fees, expenses and or taxes in excess of those authorized in violation of Md. Ann. Code Commercial Law Credit Grantor Closed End Credit § 12-1005.

### FOURTH COUNT:

22. The allegations of paragraph no.7 of the First Count are repeated as if fully set forth herein.

23. Plaintiff was provided a 30 day warranty at time of purchase on the auto which is the subject of this action.

24. Plaintiff within the warranty period returned the auto to defendant for the

following items to be repaired:

    a. seatbelt on driver's side did not function.

    b. lights on the dashboard did not function.

    c. brakes were squeaky.

    d. gas gauge did not function.

    e. gas leaked from the car.

25. Defendant failed to repair any of the items set forth above.

26. Plaintiff relied on defendant's representation that the auto was fit to be driven on the highway and was in compliance with the laws of the State of Maryland.

FIFTH COUNT:

27. Defendant has committed one or more unfair or deceptive acts or practices in violation of the Md. Consumer Protection Act § 13-105 et seq., including, but not limited to: failing to disclose to plaintiff accurate financial terms of the transaction.

28. Defendant failed to provide the plaintiff with an odometer statement as required by the Federal Odometer Act on the proper title documents and did not show plaintiff title at time of sale.

29. Defendant charged plaintiff government fees in excess as those allowed.

30. Defendant provided plaintiff with a 30 day warranty and failed to repair the auto pursuant to the terms of the warranty.

31. Defendant sold plaintiff an auto that did not comply with the Implied Warranty of Merchantability.

WHEREFORE, it is respectfully prayed that this Court:

1. Award plaintiff statutory damages, actual damages, and costs and a reasonable attorney's fee on Count I.

2. Award plaintiff treble damages (3 x actual damages) or $1,500 statutory damages, whichever is greater, cost and attorney fees on Count II.

3. Award plaintiff actual damages and statutory damages on Count III.

4. Award plaintiff actual damages and statutory damages on Count IV.

5. Award plaintiff actual damages, statutory damages, punitive damages and attorney's fees for Violation of the Md. Ann. Consumer Protection Act on Count V.

6. Award such other or further relief, as the Court deems just or equitable.


                THE PLAINTIFF


                BY_____

                Bernard T. Kennedy, Esquire
                P.O. Box 657
                Edgewater, MD 21037
                Ph   (443) 607-8901
                Fax (443) 607-8903
                Fed. Bar # Md26843
                bernardtkennedy@yahoo.com